UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONNON SAWYER,

    Plaintiff,

v.

DAVID A. TROTT, ET AL.,

    Defendants.

_____/

Case No. 18-cv-13684

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [#3]**

### I. INTRODUCTION

Plaintiff Shonnon Sawyer initiated this wrongful foreclosure suit on November 26, 2018. Dkt. No. 1. At the same time, Plaintiff filed a Motion for Temporary Restraining Order to prevent Defendants from executing a foreclosure sale on his property. Dkt. No. 3. For the reasons set forth below, the Court will DENY Plaintiff's Motion for Temporary Restraining Order [#3].

### II. BACKGROUND

Plaintiff owns property located at 25999 Dover in Redford, Michigan. Dkt. No. 1, pp. 2, 5 (Pg. ID 2, 5). Defendants have scheduled a foreclosure sale on that property for November 29, 2018. Dkt. No. 3, p. 1 (Pg. ID 11). However, on September 6, 2018, Plaintiff claims that he mailed Defendants a cease and desist

-1-

letter, requesting that they stay the sale until "they produced verification of debt, under the penalty of perjury." *Id.* at p. 2 (Pg. ID. 12). Because Defendants have allegedly failed to make required disclosures under the Real Estate Settlement Protection Act, Plaintiff asserts that Defendants should be restrained from moving forward with the foreclosure sale. *Id.* at pp. 1-2 (Pg. ID 11-12).

### III. LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are extraordinary remedies which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether to grant such relief is a matter within the discretion of the district court. *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162 (6th Cir. 1989). Courts will consider the same factors in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *Ne. Ohio Coal. for Homeless and Serv. Emps. Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Those factors are "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). None of the

factors the court considers, standing alone, is a prerequisite to relief; rather, the court should balance them. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). But "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs.*, 225 F.3d 620, 625 (6th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiff has not Demonstrated a Likelihood of Success on the Merits of his Claims.

Plaintiff argues Defendants should be restrained from moving forward with the foreclosure of his property because Defendants failed to make required disclosures under the Real Estate Settlement Protection Act. Dkt. No. 3, pp. 1-2 (Pg. ID 11-12). But neither Plaintiff's Complaint nor his Motion for Temporary Restraining Order offer any discussion regarding the likelihood of success on the merits of his claims. Instead, Plaintiff simply makes broad, unsupported accusations. Therefore, at this stage in the proceedings, the Court cannot find that Plaintiff has a high likelihood of success on the merits of his claims.

### B. The Remaining Temporary Restraining Order Factors are not Enough to Overcome Plaintiff's Failure to Demonstrate a Likelihood of Success on the Merits of His Claims.

The Court must reiterate that none of the injunctive relief factors, standing alone, is a prerequisite to relief; rather, the court should balance them. *Golden*, 73

F.3d at 653. However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales*, 225 F.3d at 625.

Here, the Court recognizes Plaintiff's concern about losing his home to foreclosure. At the same time, if Plaintiff has indeed defaulted on his mortgage payments, preventing Defendants from foreclosing on Plaintiff's property is not without consequence. Moreover, the Court cannot find any public interest that would be served by granting injunctive relief at this time. Hence, on balance, and considering Plaintiff's failure to demonstrate a likelihood of success on the merits of his claims, the temporary restraining order factors do not warrant a grant of injunctive relief.

## V. CONCLUSION

For the reasons stated herein, the Court will DENY Plaintiff's Motion for Temporary Restraining Order [#3].

IT IS SO ORDERED.


Dated:   November 28, 2018

                                           s/Gershwin A. Drain
                                           HON. GERSHWIN A. DRAIN
                                           United States District Court Judge