UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONNON SAWYER,

          Plaintiff,          Civil Case No. 2:18-cv-13684
                                           Honorable Gershwin A. Drain
v.                                 Magistrate Judge David R. Grand

DAVID A. TROTT, ET AL,

          Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS [2]

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [2] be **DENIED**.

**II.  REPORT**

Before the Court is Plaintiff Shonnon Sawyer's ("Sawyer") Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. #2). An Order of Reference was entered on November 28, 2018, referring this matter to the undersigned pursuant to 28 U.S.C § 636 (b)(3). (Doc. #7). This Report and Recommendation is issued pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

28 U.S.C. §1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees ("*in forma pauperis*" or "IFP") provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). An affiant must show he is unable to "pay or give security for the costs ... and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I.*

*DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948) (internal citations omitted).  Nevertheless, the court should "assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I. 1984).  Courts may reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.  *See, e.g., Adkins, supra*; *Bloom v. San Diego Cty. Offices of Health & Human Servs.*, No. 07-CV-1692 W (RBB), 2007 WL 2782562, at *1 (S.D. Cal. Sept. 25, 2007).

Proceeding IFP is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court."  *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  "In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.'"  *Cognetto v. Comm'r of Soc. Sec.*, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (quoting *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006)).  Further, the Sixth Circuit has recognized that "courts may prevent a *pro se* litigant from filing an *in forma pauperis* complaint where such a litigant has a long track record of filing frivolous suits." *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990) (citing *Urban v. Nations,* 768 F.2d 1497, 1500 (D.C.Cir. 1985)).

Having examined Sawyer's application, the Court concludes that it should be denied. Sawyer's claim of financial hardship is simply not supported by his application.  Sawyer indicates on his application that his gross pay or wages are $24,000, his take-home pay or wages are $18,000, and that he has $1500 in a checking or savings account.  (Doc. #2).  He indicates that his regular monthly expenses total $1800.00, he financially supports his wife and son, and other financial obligations/debts include car and credit card payments, although he does not specify the amount

2

of those payments outside of the regular monthly expenses totaling $1800.00. Financial ability has been found, and thus IFP applications denied, where the applicant's assets were similar or less than those shown in Sawyer's application. *See, e.g., Brown v. Dinwiddle*, 280 F. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and thus could afford the $455 filing fee for his appeal); *Powell v. Harris*, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account); *Goldstein v. Timoney,* No. 01–481, 2001 WL 179868 (E.D.Pa. Feb.20, 2001) (denying IFP status where the plaintiff reported an annual income of $6,061.56 and could afford a post office box rental fee). Based on this analysis alone, the Court should deny Sawyer's IFP application.

Other considerations also mitigate against granting Sawyer's IFP application. The Court notes that Sawyer appears to have another active case in this Court, *Sawyer v. Dimon, et al.*, No. 18-11534, in which he paid the filing fee of $400 on May 16, 2018. More recently, in another case in this Court which appears to be related to the instant one, *Sawyer v. Trott, et al.*, 18-13013, Sawyer also paid the filing fee of $400 on September 27, 2018.[1] Sawyer has not explained why, just a few months after paying the filing fees in these other cases, he is unable to pay the fee in this case.

In sum, Sawyer has not shown that he cannot pay the filing fee without unacceptable sacrifice to necessary expenses.

### III.     CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Sawyer's Application to Proceed in District Court without Prepaying Fees or Costs **(Doc. #2)** be **DENIED**.

---

[1] This case was dismissed after Sawyer failed to respond to an Order to Show Cause.

Dated: November 29, 2018  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager