UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONNON SAWYER,

    Plaintiff,

v.

DAVID A. TROTT, ET AL.,

    Defendants.
_____/

Case No. 18-cv-13684

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION [#10], GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT [#17, #21], AND CANCELING HEARING SET FOR APRIL 12, 2019 AT 10:00 A.M.**

**I. INTRODUCTION**

Present before the Court are three motions: (1) Plaintiff's Motion for Permanent Injunction [#10]; (2) Defendant David Trott's Motion for Summary Judgment [#17]; and (3) Defendants Kenneth Clark, Todd Dobson, and G. Jeffrey Records' Motion for Summary Judgment [#21].[1]

A hearing on Plaintiff's Motion for Permanent Injunction and Defendant Trott's Motion for Summary Judgement was held on March 27, 2019. The Court

---

[1] Plaintiff did not file a response to either Motion for Summary Judgement, and thus, waived any opposition to the Motions. *See Scott v. State of Tenn.*, 1989 WL 72470, at *2 (6th Cir. July 2, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

will resolve Defendants Clark, Dobson, and Records' Motion for Summary Judgment without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will DENY Plaintiff's Motion [#10] and GRANT both Motions for Summary Judgment [#17, #21].

## II. BACKGROUND

Plaintiff Shonnon Sawyer initiated this action on November 26, 2018, asserting this Court had federal question jurisdiction over his claims for (1) wrongful foreclosure, (2) a violation of the Real Estate Settlement Procedure Act's Regulation X, and (3) copyright infringement. Dkt. No. 1, p. 4 (Pg. ID 4). Plaintiff's entire statement of claim consists of the following four sentences:

> Defendants have failed under the penalty of perjury to validate, verify the debt and the contract. Absent these proofs, they have no authority to sell plaintiff's property. They are attempting to steal my property on a void contract. Defendants have use [sic] plaintiff's copyright and assumed name without authorization.

*Id.* Plaintiff offers no additional details.

Along with the Complaint, Plaintiff filed a Motion for Temporary Restraining Order [#3] to stop the foreclosure sale on his home. Dkt. No. 3. The Court denied that Motion on November 28, 2018. Dkt. No. 8. Plaintiff now moves the Court for an order permanently enjoining Defendants from foreclosing on his home. Dkt. No. 10.

## III. DISCUSSION

**A. The Court will Deny Plaintiff's Motion for Permanent Injunction**

"[A] party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which there is no adequate remedy at law." *Am. Civil Liberties Union of Kentucky v. McCreary Cty., Ky.*, 607 F.3d 439, 445 (6th Cir. 2010) (quoting *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006)). Plaintiff fails to make either showing.[2]

Plaintiff's Motion is incomprehensible and largely without support. He makes several baseless assertions, including the fact that he "does not even know the Defendants who is [sic] orchestrating a Fraudulent Foreclosure sale without authority." Dkt. No. 10, p. 1 (Pg. ID 62). It appears that Plaintiff defaulted on his home mortgage payments and is now using the Court to avoid accountability. The Court will not support this scheme. Accordingly, Plaintiff's Motion for Permanent Injunction [#10] will be Denied.

---

[2] In fact, Plaintiff does not address any of the injunctive relief factors. *See Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (courts must consider (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction).

### B. The Court will Grant Defendants' Motions for Summary Judgment

1. Legal Standard

Federal Rule of Civil Procedure 56(c) empowers a court to grant summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1968). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mere allegations or denials in the non-movant's pleadings will not suffice, nor will a mere scintilla of evidence supporting the non-moving party. *Id.* at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *Id.* at 252.

2. Analysis

**a. Defendant Trott's Motion for Summary Judgment**

It seems that Defendant Trott was erroneously joined in this suit simply by fact of his last name. From what the Court can tell, his only connection to this case is that his former law firm, Trott Law, P.C., represented MidFirst Bank in the 2018 foreclosure proceedings against Plaintiff's property. Defendant Trott, however,

asserts he sold his entire interest in that firm in 2014, and has not been involved with the firm in any capacity since that time. *See* Dkt. No. 17-2. Because it does not appear that Plaintiff has an actual claim against Defendant Trott, the Court will GRANT Defendant Trott's Motion for Summary Judgement [#17].

**b. Defendants Clark, Dobson, and Records' Motion for Summary Judgment**

The remaining Defendants are all officers of MidFirst Bank, the entity responsible for initiating foreclosure proceedings against Plaintiff's home. While Plaintiff cites several causes of action against these Defendants, the Complaint only states two actual claims. First, the Complaint alleges "Defendants have failed under the penalty of perjury to validate, verify the debt and the contract." *See* Dkt. No. 1, p. 5 (Pg. ID 5). The Court will construe this as an alleged violation of the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692g(b). Second, Plaintiff alleges "Defendants have use [sic] Plaintiff's copyright and assumed name without authorization." *See* Dkt. No. 1, p. 5 (Pg. ID 5). The Court will address each claim, in turn, below.

  i. <u>FDCPA Claim</u>

"Congress designed the [FDCPA] to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d

1222, 1225 (9th Cir. 1988)). To that end, § 1692g of the FDCPA, in relevant part, provides:

> If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector *obtains verification of the debt* or copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added). While the term "verification" is not defined in the FDCPA, the Sixth Circuit offered an interpretation in *Haddad v. Alexander, Zelmanski, Danner and Fioritto, LLC*. 758 F.3d 777, 785 (6th Cir. 2014). The court noted that "the 'baseline' for verification is to enable the consumer to 'sufficiently dispute the payment obligation.'" *Id.* The court then concluded that, although case specific, "an itemized accounting detailing the transactions in an account that have led to the debt is often the best means of accomplishing that objective." *Id.*

On October 16, 2018, MidFirst Bank sent Plaintiff a letter with multiple attachments, including (1) Plaintiff's Mortgage and Note, (2) the Assignment of the Mortgage from JPMorgan Chase Bank to MidFirst Bank, (3) the balance due on the Mortgage, (4) and Plaintiff's account activity. *See* Dkt. No. 21-10. The letter further informed Plaintiff that the foreclosure sale on his home would proceed as scheduled unless his mortgage was paid in full. The Court finds that

this constituted adequate verification of Plaintiff's debt.[3]  Indeed, the letter provided Plaintiff with enough information to "sufficiently dispute [his] payment obligation."  *See Haddad*, 758 F.3d at 785.  Accordingly, Plaintiff's FDCPA claim fails.

    ii.   <u>Copyright Infringement Claim</u>

"A person's name or likeness is not considered a 'work of authorship' within the meaning of the Copyright Act, and is therefore not subject to copyright protection."  *Trapp v. Holder*, 2014 WL 2780079, at *1 (E.D. Mich. June 19, 2014).  Here, Plaintiff asserts a copyright infringement claim based on Defendants' "unauthorized" publication of his name in connection with the foreclosure proceedings.  However, because Plaintiff is unable to obtain copyright protection for his name, his Complaint fails to state a claim.  Accordingly, the Court will GRANT Defendants Clark, Dobson, and Records' Motion for Summary Judgement [#21].

---

[3] Plaintiff fails to specify why this was insufficient verification of his debt.

## IV. Conclusion

For the reasons stated herein, the Court will DENY Plaintiff's Motion for Permanent Injunction [#10] and GRANT Defendants' Motions for Summary Judgment [#17, #21].

IT IS SO ORDERED.

Dated: March 27, 2019

                                        s/Gershwin A. Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 27, 2019, by electronic and/or ordinary mail.

                                        s/Teresa McGovern
                                        Case Manager